# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00467-COA

BILLY BERGERON A/K/A BILLY J.  APPELLANT
BERGERON A/K/A BILLY JAY BERGERON
A/K/A BILLY JAMES BERGERON


v.


STATE OF MISSISSIPPI  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/09/2015 |
| TRIAL JUDGE: | HON. EDDIE H. BOWEN |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| DISTRICT ATTORNEY: | DANIEL CHRISTOPHER JONES |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF MOLESTATION AND SENTENCED TO FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY OF PAROLE OR EARLY RELEASE |
| DISPOSITION: | AFFIRMED – 06/21/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.    A Jasper County jury convicted Billy Bergeron of molestation. Following his unsuccessful post-trial motions, he appeals.  However, his appellate counsel has filed a

*Lindsey*[1] brief, stating that he diligently searched the record, but he could not find any arguable issues for appellate review. Bergeron did not file a pro se brief. After an independent review of the record, we agree that there are no arguable issues.

¶2. Finding no error, we affirm.

**FACTS**

¶3. On an unspecified date, "Rachel"[2] informed her mother that Bergeron had inappropriately touched her approximately one week earlier. Rachel was seven years old at that time. On March 15, 2013, Rachel's mother took her to the Jasper County Sheriff's Department, where Rachel spoke with Investigator Chris Thompson. Rachel told Investigator Thompson that Bergeron had used his hand to fondle her chest and "private," and he tried to put a vibrating "peach thing"[3] on her "private" on top of her clothes. Later, forensic interviewer Dr. Olga Kahle conducted a more thorough interview of Rachel at the Wesley House in Meridian, Mississippi. On February 18, 2014, Bergeron was indicted and charged with molestation.

¶4. Bergeron went to trial during two days in February 2015. The court held that Rachel, who was nine years old at the time, was competent to testify. The court also granted the State's motion to allow certain testimony from Investigator Thompson and Dr. Kahle, under

---

[1] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

[2] We use a pseudonym to protect the minor victim's identity.

[3] The "peach thing" was later determined to be a sex toy. During a search of Bergeron's home, it was found in the location that Rachel had described. The State introduced it as evidence at trial.

the tender-years exception. Investigator Thompson testified for the State; however, the State did not call Dr. Kahle. Bergeron chose to testify. According to Bergeron, he never fondled Rachel. Bergeron did not call any other witnesses in his defense.

¶5. The jury found Bergeron guilty of molestation under Mississippi Code Annotated section 97-5-23(1) (Rev. 2014). On March 13, 2015, the trial court sentenced Bergeron to fifteen years in the custody of the Mississippi Department of Corrections, without eligibility for parole or early release. The trial court also advised Bergeron regarding his obligation to register as a sex offender. This appeal followed.

## DISCUSSION

¶6. In *Lindsey*, 939 So. 2d at 748 (¶18), the Mississippi Supreme Court established the requirements when an appellant's counsel does not find any arguable issues for appellate review:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7) . . . .
>
> (2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing . . . .
>
> (3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief . . . .
>
> (4) Should the defendant then raise any arguable issue or should the appellate

3

court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal . . . .

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

¶7. Here, Bergeron's appellate counsel filed a brief asserting that he has diligently and thoroughly searched both the procedural and factual history of this case and the record as a whole, but he was unable to find any arguable issues that he could present in good faith for appellate review. Bergeron's appellate counsel also asserts that he has reviewed and examined: (1) the reason for Bergeron's arrest and the circumstances surrounding it; (2) any possible violations of Bergeron's right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible prosecutorial misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misapplication of the law in sentencing; (9) the indictment and all the pleadings in the record; (10) any possible ineffective-assistance-of-counsel issues; (11) any speedy-trial issues; (12) any Fourteenth Amendment due-process issues; and (13) any other possible reviewable issues. *See id.* Also, Bergeron's appellate counsel sent a copy of the brief to Bergeron, informing him of his right to file a pro se brief. Bergeron was given forty days to file a pro se brief; however, he has declined to do so. Our independent review of the record has not revealed any arguable issues that would require supplemental briefing. Accordingly, we affirm the circuit court's judgment.

¶8. **THE JUDGMENT OF THE CIRCUIT COURT OF JASPER COUNTY OF CONVICTION OF MOLESTATION AND SENTENCE OF FIFTEEN YEARS IN**

4

**THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR EARLY RELEASE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JASPER COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**