# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01125-COA

**KENDRICK JEMOND DUNNAWAY A/K/A**                    **APPELLANT**
**KENDRICK JUMUND DUNNAWAY A/K/A**
**KENDRICK JUMOND DUNNAWAY A/K/A**
**KENDRICK J. DUNNAWAY A/K/A KENDRICK**
**DUNNAWAY**

**v.**

                                                                     **APPELLEE**

**STATE OF MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/20/2016 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: BENJAMIN ALLEN SUBER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/12/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     Kendrick Dunnaway was convicted by a jury in the Harrison County Circuit Court, Second Judicial District, of possession of a controlled substance with intent to distribute and sentenced as a habitual offender to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for parole or early release. Dunnaway appealed his conviction, and his appellate counsel filed a brief pursuant to

*Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), submitting to this Court that there are no arguable issues for appellate review. Dunnaway was given additional time to file a pro se supplemental brief, which he has failed to do. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2. On June 23, 2015, Dunnaway was arrested and subsequently charged with possession of a controlled substance with intent to distribute in violation of Mississippi Code Annotated section 41-29-139(a)(1) (Supp. 2016). On the day prior to trial, Dunnaway told the trial court that he did not want his appointed trial counsel to represent him. He stated that his appointed counsel was unprepared and that they had not gone over any trial strategies. Dunnaway further stated that his family was trying to hire a paid lawyer, and he requested a continuance so that he could obtain another lawyer. Dunnaway also stated he had asked his appointed lawyer to request a continuance so that he could finish a drug-rehabilitation class and hire another lawyer.

¶3. Dunnaway's appointed counsel stated that he disagreed with Dunnaway's statements but did not wish to further discuss their conversations due to attorney-client privilege. The prosecution then stated to the court that Dunnaway's trial had been originally set for January 2016—several months prior—and that it was moved to March while plea discussions took place. In March, Dunnaway's counsel advised the prosecution that Dunnaway did not want to plead guilty and wanted to go to trial. Trial was then set for April 11, 2016. Dunnaway's trial counsel asked the prosecution for a week's continuance, and at the prosecutor's request, the trial was set for April 19, 2016. The prosecution indicated that Dunnaway's appointed

2

counsel had discussions with Dunnaway at all stages of the pretrial process regarding the initial January trial date, the trial continuance to March, plea discussions, and the April trial dates.

¶4. The trial court ruled that Dunnaway was not entitled to any additional continuances, and that the trial was to proceed as scheduled the next day. On April 19, 2016—the day of trial—Dunnaway went on the record and stated that he was not prepared for trial, and did not believe he would have a fair trial with his appointed representation, and he requested another continuance, which was denied. Dunnaway then stated that he did not want to be present for the trial and that if he were present, he would be disruptive. The court advised Dunnaway of his right to be present and the possibility of negative inferences being drawn by the jury if he was absent. Despite the urging of the court and Dunnaway's appointed counsel, Dunnaway opted to not be present for any part of his trial.

¶5. At trial, Rubin Sabio, a police officer with the Biloxi Police Department, testified that on June 23, 2015, he was dispatched to a motel in Biloxi, Mississippi, following an anonymous call reporting prostitution activity. Officer Sabio and Officer Brandon Franovich went to room 316. Dunnaway was present in the room along with Michael Maples and Karen Stockton. Officer Sabio testified that he noticed drug paraphernalia, a scale, and glass pipes in plain view. Additional officers were dispatched. Officer Sabio also testified that he lifted up a laptop computer that was on the bed and saw a white baggie containing a crystalized substance under it, and found a small baggie of white substance in Stockton's purse. Officer Franovich's testimony at trial was nearly identical to Officer Sabio's.

¶6. Investigator Byron Williamson testified that Dunnaway gave him verbal consent to search the room and that Dunnaway then signed a written consent to search the motel room. Investigator Williamson testified he found approximately twelve grams of a quarter-sized-rock substance, several glass pipes with residue in them, several hypodermic needles, plastic bags, small plastic ziplock-type bags, and two digital scales on the bed. Investigator Williamson testified that Dunnaway admitted that the drugs were his and that he was breaking it up into "party packs" for people who were about to come because he was having a party. Laura Fulks, a forensic scientist with the Mississippi Forensics Laboratory, testified regarding the substance delivered by Investigator Williamson, and she stated that the substance was determined to be methamphetamine. On cross-examination, Fulks stated that the results were 99.7 percent certain, plus or minus .04 percent for statistical error.

¶7. Ultimately, the jury found Dunnaway guilty of possession of a controlled substance with intent to distribute in violation of section 41-29-139(a)(1). The trial court subsequently sentenced Dunnaway as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2015) to twenty-five years in the custody of the MDOC without eligibility for parole or early release. This appeal followed.

**DISCUSSION**

¶8. On appeal, where the appellant's counsel does not find any arguable issues for review, the Mississippi Supreme Court has instructed that:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)] . . . .

> (2) As a part of the brief filed in compliance with Rule 28, counsel must certify

4

that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Bergeron v. State*, 196 So. 3d 173, 174-75 (¶6) (Miss. Ct. App. 2016) (quoting *Lindsey*, 939 So. 2d at 748 (¶18)).

¶9. In the instant case, Dunnaway's appellate counsel filed a brief asserting that he had "diligently searched both the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the court on Mr. Dunnaway's behalf in good faith for appellate review, and upon conclusion, ha[d] found none." Dunnaway's appellate counsel also asserts that in his search he reviewed and considered: (1) the reason for the arrest and the circumstances surrounding it; (2) any possible violations of Dunnaway's right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible prosecutorial misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; and (8) possible misapplication of the law

5

in sentencing.  Also, Dunnaway's appellate counsel sent a copy of the brief to Dunnaway, informing him of his right to file a pro se brief.  Dunnaway was given forty days to file a pro se brief, but he failed to do so.  Our independent review of the record has not revealed any arguable issues that would require supplemental briefing.  Accordingly, we affirm the trial court's judgment.

¶10.    **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**